IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN O. WILLIAMS,
    Petitioner,

vs.                                      Case No.: 4:14cv629/RH/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## **SUPPLEMENT TO REPORT AND RECOMMENDATION**

This matter is before the court on Petitioner's "Motion to Dismiss and Issue an Order to Stay and Abeyance [sic] Case" (ECF No. 28). On March 14, 2016, the undersigned issued a Report and Recommendation recommending that Petitioner's § 2254 petition be denied (ECF No. 25). The undersigned made this recommendation upon concluding that the state courts' adjudication of the seven claims raised in Petitioner's § 2254 petition was entitled to deference under § 2254(d), and of the three additional claims asserted in Petitioner's reply brief, two claims were procedurally barred (Petitioner failed to exhaust the federal nature of his claims of trial court error in the state courts and is now procedurally barred from doing so), and the state courts' adjudication of the third claim was entitled to deference (*id*.).

In the instant motion, Petitioner requests that the court stay this case and hold his § 2254 petition in abeyance to enable him to return to state court to attempt to

exhaust the three claims he presented in his reply brief (ECF No. 25). Petitioner cites Rhines v. Weber, 544 U.S. 269 (2005) in support of his request (*id.*).

In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court approved the use of a "stay and abeyance" procedure in certain instances where a "mixed" federal habeas corpus application contains both exhausted and unexhausted claims. However, a stay and abeyance is available in limited circumstances, only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78. Thus, "stay and abeyance should be available only in limited circumstances." *Id.* at 277.

The three claims which are the subject of the instant motion are the following: (1) the trial court erred in denying Petitioner's request for a jury instruction on the lesser included offense of simple battery, (2) the trial court erred in denying Petitioner's motion for judgment of acquittal ("JOA") on Count I, because the State failed to introduce competent substantial evidence to establish that Petitioner touched the victim on her buttocks or her breast area in a lewd or lascivious manner, and (3) Petitioner's life sentence imposed on Count I violated his constitutional right to be

free from cruel and unusual punishment (*see* ECF No. 24 at 4–12; ECF No. 25 at 64). Petitioner asserted in his reply brief that he exhausted each of these claims by raising them on direct appeal of his conviction (ECF No. 24 at 7, 10). As set forth in the Report and Recommendation, although Petitioner raised the claims of trial court error on direct appeal, with respect to both the jury instruction issue and the JOA issue, he did not fairly present either claim as federal in nature (*see* ECF No. 25 at 64–74). Further, any federal claims related to those two claims of trial court error may no longer be litigated under state procedural rules; therefore, they are procedurally defaulted. With regard to Petitioner's claim that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment, the undersigned concluded that the claim was exhausted and adjudicated by the state courts, but Petitioner was not entitled to relief under § 2254(d) (*see id.* at 75–84).

Petitioner's habeas petition is not truly a "mixed" petition as contemplated in Rhines. Although two of Petitioner's ten habeas claims were not fairly presented to the state courts, they are technically exhausted, because state court remedies are no longer available.[1] *See* Woodford v. Ngo, 548 U.S. 81, 92, 126 S. Ct. 2378, 165 L. Ed.

---

[1] *See* Rodriquez v. State, 919 So. 2d 1252, 1262 n.7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); Smith v. State, 445 So. 2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.").

2d 368 (2006) ("[I]f state court remedies are no longer available, . . . those remedies are technically exhausted, . . . but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court; instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding."). Therefore, Petitioner's request to stay this case or dismiss it without prejudice should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's "Motion to Dismiss and Issue an Order to Stay and Abeyance [sic] Case" (ECF No. 28) be **DENIED**.

At Pensacola, Florida, this 26th day of April 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:14cv629/RH/EMT