IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN O. WILLIAMS,

    Petitioner,

v.                                          CASE NO. 4:14cv629-RH/EMT

STATE OF FLORIDA,

    Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

A state-court jury convicted the petitioner John O. Williams on two counts: molesting a girl under age 12 and attempting to molest a different girl under age 16. Mr. Williams lost a direct appeal and collateral challenges in state court. He now seeks relief in this court by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This order denies the petition.

I

The petition raised seven claims. The respondent answered. Mr. Williams replied to the answer, belatedly raising three more claims. The magistrate judge entered a report and recommendation concluding that all ten claims should be

denied. The basis for the recommended denial of two of the belated claims was failure to exhaust state remedies. Those claims challenged the trial court's refusal to instruct the jury on the purportedly lesser included offense of battery and the trial court's denial of a judgment of acquittal on the first count.

Mr. Williams filed objections to the report and recommendation and moved to stay further proceedings to allow him to exhaust the lesser-included-offense and judgment-of-acquittal claims. The magistrate judge entered a supplemental report and recommendation concluding that the motion to stay should be denied.

I have reviewed de novo the issues raised by the objections.

The report and recommendation is correct and is adopted as the court's opinion with these additional notes.

## II

Mr. Williams's first claim is ineffective assistance of counsel based on the failure to call specific witnesses. One of the witnesses was the mother of a victim. Mr. Williams's attorneys made the strategic decision not to call the mother as a witness. The attorneys explained the decision at an evidentiary hearing in state court on collateral review.

The court credited the attorneys' testimony—a ruling that was by no means unreasonable. Part of the attorneys' explanation was that calling the mother would have subjected her to harmful cross-examination based on recorded telephone calls

she had with Mr. Williams while he was detained awaiting trial. The conversations suggested, among other things, that Mr. Williams wished to have the mother make her daughter and other potential child witnesses unavailable at the time of the trial.

In his objections to the report and recommendation, Mr. Williams notes that the trial court had ruled in limine that the telephone conversations would not be admitted. But this was exactly the attorneys' point. Under their strategy, the jury did not learn of the telephone conversations. Had they called the witness now at issue—the victim's mother—the telephone conversations likely would have been admitted to impeach her testimony and to show her bias.

Mr. Williams says the telephone conversations still would have been excluded, but his reasoning on this is flawed. If the mother had testified, the state would have been entitled to cross-examine her about the telephone conversations and to admit other evidence of their content under Florida Statutes § 90.608(1), (2), and (5).

III

The report and recommendation correctly concludes that Mr. Williams did not properly exhaust the lesser-included-offense and judgment-of-acquittal claims in state court and that this federal habeas proceeding should not be stayed to allow Mr. Williams to attempt to exhaust those claims now. Moreover, the claims are plainly unfounded on the merits.

A

On the lesser-included-offense claim, analysis of the merits starts with the Supreme Court's decision in *Beck v. Alabama*, 447 U.S. 625 (1980). There the Supreme Court held that the Constitution sometimes requires a lesser-included-offense instruction in a capital case. But as the Eleventh Circuit recognized in *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir. 1987), the Supreme Court has never extended *Beck* to *noncapital* cases. Under *Perry* and *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980), the law of the circuit is this: there is no constitutional right to a lesser-included-offense instruction in a noncapital case.

Other circuits take a different approach, but that makes no difference here, for two reasons. First, this case is being litigated in the Eleventh Circuit, where *Perry* and *Easter* establish the governing law. Second, and more importantly, under the Antiterrorism and Effective Death Penalty Act, Mr. Williams would be entitled to relief on this claim only if the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1) (emphasis added). Because the Supreme Court has not extended *Beck* to noncapital cases, Mr. Williams would lose his lesser-included-offense claim, even if that claim had been properly exhausted.

Case No. 4:14cv629-RH/EMT

B

On the judgment-of-acquittal claim, the evidence was sufficient to go to the jury on each count. Denying the motion for judgment of acquittal was not unconstitutional.

IV

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Williams has not made the required showing. This order thus denies a certificate of appealability.

V

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 25, and supplemental report and recommendation, ECF No. 29, are accepted and adopted as the court's further opinion.

2. The motion to stay, ECF No. 28, is denied.

3. The clerk must enter judgment stating, "The petition is denied with prejudice."

4. A certificate of appealability is DENIED.

5. The clerk must close the file.

SO ORDERED on August 1, 2016.

s/Robert L. Hinkle<br>United States District Judge